FILED

**NOT FOR PUBLICATION**

DEC 23 2014

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EXC INCORPORATED, a Nevada corporation, DBA D.I.A. Express Incorporated, DBA Express Charters; CONLON GARAGE INCORPORATED, a Colorado corporation; GO AHEAD VACATIONS; NATIONAL INTERSTATE INSURANCE COMPANY; RUSSELL J. CONLON, Plaintiffs - Appellees, v. JAMIEN RAE JENSEN, individually, and as parent and next friend of D.J.J., and as Personal Representative of the Wrongful Death Estate of Corey Johnson; CHAVIS JOHNSON, individually, and as Personal Representative of the Wrongful Death Estate of Burch Corey Johnson; MARGARET JOHNSON; FRANK JOHNSON, individually, and as parents and next friends of H.J. and D.J.; FRANCESCA JOHNSON, individually; JUSTIN JOHNSON, individually; RAYMOND JENSEN, Sr., individually; LOUISE R. JENSEN, individually; NICOLE JENSEN, individually; RYAN | No. 12-16958 D.C. No. 3:10-cv-08197-JAT MEMORANDUM[*] |

_____

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

JENSEN, individually; JUSTIN JENSEN, individually; KATRINA JENSEN, individually; RAYMOND JENSEN, Jr., individually; MURPHY JENSEN, individually,

                Defendants - Appellants,

  And

KAYENTA DISTRICT COURT; NAVAJO NATION SUPREME COURT; JENNIFER BENALLY, Judge of the Kayenta District Court,

                Defendants.

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, Senior District Judge, Presiding

Argued and Submitted November 21, 2014
San Francisco, California

Before: RAWLINSON and FRIEDLAND, Circuit Judges, and MARSHALL, Senior District Judge.[**]

    Appellants, members of the Jensen/Johnson family, appeal the district court's holding that the Navajo Nation tribal courts may not exercise adjudicatory jurisdiction over a highway accident that occurred on a stretch of U.S. Highway

---

    [**]    The Honorable Consuelo B. Marshall, Senior District Judge for the U.S. District Court for the Central District of California, sitting by designation.

1

160—an Arizona state highway—within the exterior boundaries of the Navajo Reservation. We review determinations of tribal court jurisdiction de novo, and we review factual findings for clear error. *Water Wheel Camp Recreational Area, Inc. v. LaRance*, 642 F.3d 802, 808 (9th Cir. 2011).

Appellants conceded at oral argument that the Navajo Nation has not retained the right to exclude nonmembers on U.S. Highway 160. Consequently, the highway is the equivalent of non-Indian fee land for jurisdictional purposes, and this case is governed by *Strate v. A-1 Contractors*, 520 U.S. 438 (1997). *See Strate*, 520 U.S. at 455-56.

Under *Strate*, tribal jurisdiction is appropriate only if one of the two exceptions articulated in *Montana v. United States*, 450 U.S. 544 (1981), applies. *Strate*, 520 U.S. at 456. The first *Montana* exception covers "the activities of nonmembers who enter consensual relationships with the tribe or its members, through commercial dealing, contracts, leases, or other arrangements." 450 U.S. at 565. This exception does not apply to this case, because the unsigned permit agreement—even if binding on Appellees—did not provide sufficient notice that EXC would be subject to tribal court jurisdiction on U.S. Highway 160 to be a basis for imputing consent. *See Water Wheel*, 642 F.3d at 818 ("For purposes of determining whether a consensual relationship exists under *Montana*'s first

exception, consent may be established 'expressly or by [the nonmember's] actions.'" (citing *Plains Commerce Bank v. Long Family Land & Cattle Co.*, 554 U.S. 316, 337 (2008)) (alteration in original)).  The second *Montana* exception allows tribes to exercise jurisdiction over nonmember conduct "when that conduct threatens or has some direct effect on the political integrity, the economic security, or the health or welfare of the tribe."  450 U.S. at 566.  A tort suit arising out of a state highway accident does not implicate the second *Montana* exception.  *Strate*, 520 U.S. at 459.

For the foregoing reasons, we AFFIRM.